J-S55009-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARTY JOSEPH MILLARD | : | |
| | : | |
| Appellant | : | No. 95 WDA 2019 |

Appeal from the PCRA Order Entered December 19, 2018
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000864-2008

BEFORE: MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.: FILED NOVEMBER 4, 2019

Marty Joseph Millard (Appellant) appeals from the order denying his timely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the facts and procedural history as follows:

[Appellant] and Victim are [related]. The abusive behavior began when Victim was around 5 or 6 years old. Initially, the behavior consisted of [Appellant] fondling, digital penetration, and performing oral sex on Victim. This behavior lasted until Victim was 8 years old, then ceased. When Victim was 14, the abuse began again, [and] this time included vaginal penetration. On at least one occasion, Victim was restrained by being tied up, and had a sock stuffed into her mouth. The abuse occurred [frequently] until Victim was 24. In June 2008, [Appellant] attempted another assault of Victim, but Victim was able to physically repel [Appellant]. This incident led to the report, eventually leading to charges and a conviction.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Charges were brought against [Appellant] in November 2008. Attorney Amy Jo Johnston represented [Appellant]. On January 4, 2010, [Appellant] filed a Motion to Dismiss pursuant to Rule 600, "Prompt Trial." Following [a] hearing on the matter, the court granted the motion on March 29, 2010, and all charges against [Appellant] were dismissed with prejudice. The Commonwealth appealed to the Superior Court, which, by 2-1 decision, reversed and remanded [to this] court on August 31, 2010.

Following a two-day jury trial, on June 12, 2012, [Appellant] was found guilty of Rape, Criminal Attempt to Commit Rape, Incest, Endangering the Welfare of Children, and Corruption of the Morals of a Minor/Sexual Nature. . . . Following [a] hearing, [Appellant] was found to warrant sexually violent predator status. [After] this hearing and determination, [Appellant] was sentenced to 17½ to 45 years in prison.

[Appellant] filed [a] Motion to Reconsider Sentence on May 3, 2013, which was denied that same day. On June 20, 2013, following no action in his case, [Appellant] filed a Motion to Reinstate His Appellate Rights nunc pro tunc, which was granted [on] June 25[, 2013]. That day, [an] appeal was filed with the Superior Court, however, Attorney Johnston failed to file a brief, so the appeal was dismissed [on] April 17, 2014. On July 22, 2014, [Appellant] filed a Motion to Reinstate His Appellate Rights nun pro tunc, which was denied; however, [Appellant] was appointed new counsel to represent [him so that he could] file a PCRA petition.

PCRA Court Opinion, 12/19/18, at 1-2.

On April 16, 2015, Appellant filed a PCRA petition in which he sought the reinstatement of his direct appeal rights. By order dated June 30, 2015, the PCRA court granted Appellant's PCRA petition and reinstated his right to file a direct appeal. On July 29, 2015, Appellant filed a timely notice of appeal. On October 29, 2015, Appellant filed a pro se PCRA petition, which the PCRA court denied the same day due to the pendency of his appeal before this Court.

- 2 -

On September 20, 2016, this Court affirmed Appellant's judgment of sentence. Commonwealth v. Millard, 1801 WDA 2015, 2016 WL 5210838 (Pa. Super. Sept. 20, 2016) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On September 1, 2017, Appellant filed the instant timely PCRA petition, pro se. The PCRA court subsequently appointed counsel. On April 18, 2018, Appellant filed an amended PCRA petition in which he raised, inter alia, numerous ineffective assistance of counsel claims against Attorney Johnston (hereinafter, Trial Counsel). On August 30, 2018, the PCRA court held an evidentiary hearing and on December 19, 2018, denied Appellant's PCRA petition. This timely appeal followed.[1]

On appeal, Appellant presents the following issues for review:

1. Whether [T]rial [C]ounsel was ineffective for failing to investigate and present at trial matters bearing on the credibility of the alleged victim.

2. Whether [T]rial [C]ounsel was ineffective for failing to call [Appellant]'s wife at trial, whose testimony would have corroborated [Appellant]'s version of events.

3. Whether assistant district attorney James Carbone engaged in prosecutorial misconduct by repeatedly making statements designed to inflame the passions of the jury, and whether [T]rial [C]ounsel was ineffective for failing to object.

Appellant's Brief at 4.

_____

[1] Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." Commonwealth v. Busanet, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." Id.

Each of Appellant's issues challenge the PCRA court's denial of his ineffective assistance of counsel claims. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. Commonwealth v. Bomar, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." Id. (citation omitted). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. Id.

For his first issue, Appellant argues that the PCRA court erred in denying his claim that Trial Counsel was ineffective for failing to present evidence attacking Victim's credibility. In support, Appellant relies on an assault allegation Victim made against Appellant in March 2009 during the pendency of this case. Appellant maintains that he had an alibi for when Victim claimed

the assault occurred, and thus, could have demonstrated that the allegtaion was false. Additionally, Appellant asserts that there were two witnesses that Trial Counsel failed to call at trial, Rhonda Stearns (Stearns) and Jody Ohl (Ohl), who would have attacked Victim's credibility. Appellant contends that all of this evidence would have damaged Victim's credibility and led the jury to find her allegations of sexual assault by Appellant to be incredible.

Regarding Victim's March 2009 assault allegation, our Supreme Court "has recognized that trial counsel has a general duty to undertake reasonable investigations or make reasonable decisions which render particular investigations unnecessary." Commonwealth v. Mitchell, 105 A.3d 1257, 1276 (Pa. 2014). In this case, Trial Counsel testified at Appellant's PCRA hearing that she did investigate the veracity of Victim's assault allegation against Appellant. N.T., 8/30/18, at 15-16. Trial Counsel recalled that there may have been someone available to testify that Appellant had an alibi for the time of the alleged assault, but could not recollect why she did not present evidence relating to the assault allegation at trial. Id. at 16.

This claim does not entitle Appellant to relief. As the PCRA court correctly determined, the record does not contain evidence indicating whether Victim's March 2009 assault allegation against Appellant was indeed false. See PCRA Court Opinion, 12/19/18, at 6. While the record does reflect that there may have been individuals who were willing to testify that Appellant had an alibi for time of the alleged assault, none of these witnesses testified at

Appellant's PCRA hearing. See N.T., 8/30/18, at 15-16; see also PCRA Petition, 9/1/17, at 7. Thus, there is no sworn testimony demonstrating the falsity of the assault allegation. Moreover, the record reveals that the police never charged Victim with filing a false police report. N.T., 8/30/18, at 20-21. Because there is no record support for Appellant's claim that Victim's March 2009 assault allegation was in fact false, Appellant failed to demonstrate that he was prejudiced by Trial Counsel's failure to pursue the issue at trial. See Bomar, 104 A.3d at 1188. Therefore, we conclude the PCRA court did not abuse its discretion in denying this claim. See id.

With respect to Ohl and Stearns, we recognize that when raising a claim of ineffective assistance of counsel for the failure to call a witness at trial, a petitioner must establish:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

Commonwealth v. Sneed, 45 A.3d 1096, 1108-09 (Pa. 2012). To demonstrate prejudice, a petitioner "must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." Id. at 1109 (quotations and citations omitted). "Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense." Id.

Trial Counsel's failure to call either Ohl or Stearns at trial does not entitle Appellant to relief. First, Trial Counsel testified at the PCRA hearing that she could not recollect whether Appellant ever provided her with any information regarding Ohl or Stearns. N.T., 8/30/18, at 11. Other than Appellant's own self-serving assertions, there is no evidence that Appellant ever discussed Ohl or Stearns with Trial Counsel. Thus, Appellant did not establish that Trial Counsel knew of, or should have known of, the existence of these witnesses. See Sneed, 45 A.3d at 1108-09.

Second, Trial Counsel's failure to call Ohl and Stearns at trial did not prejudice Appellant. At Appellant's PCRA hearing, Ohl testified that on one occasion, prior to Appellant's arrest, Victim stated in her presence that "no matter what it took she would have [Appellant] . . . in prison because she wanted him away from --- she wanted him away from the home." N.T., 8/30/18, at 28-29. Arguably, Ohl's testimony would have hurt Appellant's case, as it is conceivable that Victim wanted Appellant out of the home because he was sexually abusing her. As Sneed instructs, a PCRA petition must establish that the witness' testimony would have been helpful to the defense. Sneed, 45 A.3d at 1109.

Similarly, at Appellant's PCRA hearing, Stearns testified that on one occasion, when Victim was in sixth grade, she asked Victim if Appellant had ever molested her, to which Victim responded in the negative. N.T., 7/9/18, at 17-19. It is unlikely, however, that this testimony would have overcome

Appellant's own admission to the police that on the night of the latest allegation of sexual assault, he had sexual desires for Victim, that he had gone into Victim's bedroom wearing nothing but boxers, and that he climbed on top of her "for sex." N.T., 6/11/12, at 78-80; see also 7/9/18, 29-30. Therefore, we conclude that Appellant was not prejudiced by Trial Counsel's failure to call either Ohl or Stearns at trial. See Bomar, 104 A.3d at 1188. Accordingly, the trial court did not abuse its discretion in denying this claim. See id.

For his second issue, Appellant argues that the PCRA court erred in denying his claim that Trial Counsel was ineffective for failing to call his wife, Arlene Millard (Mrs. Millard), as a witness at trial. Appellant asserts that Mrs. Millard would have testified that she is a light sleeper and that on the night of Victim's latest allegation of sexual assault, she never heard Appellant get out of bed and leave the room, thus corroborating his defense that the sexual abuse never happened. Appellant further asserts that Mrs. Millard would have rebutted Victim's claim that she threatened Victim in order to prevent Victim from reporting Appellant to the police.

These claims likewise do not entitle Appellant to relief. First, the testimony regarding Mrs. Millard's sleeping habits directly contradicts Appellant's own admission that on the night of Victim's latest allegation of sexual assault, he had sexual desires for Victim, entered Victim's bedroom wearing nothing but boxers, and climbed on top of her for the purpose of engaging in sexual activity. See N.T., 6/11/12, at 78-80; see also 7/9/18,

29-30. Thus, Appellant cannot demonstrate that the absence of Mrs. Millard's testimony was so prejudicial that it denied him a fair trial. See Sneed, 45 A.3d at 1108-09.

Second, with respect to Mrs. Millard's testimony rebutting Victim's claim that Mrs. Millard threatened Victim with physical harm if Victim reported Appellant to the police, Trial Counsel had a reasonable basis for not presenting this testimony. See Bomar, 104 A.3d at 1188. Specifically, at Appellant's PCRA hearing, Trial Counsel testified that she did not have Mrs. Millard testify at trial because she was concerned about her credibility and whether the jury would have viewed Mrs. Millard as merely trying to protect her husband. N.T., 8/30/18, at 10. When examining the reasonable basis prong of the ineffective assistance of counsel test, "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." Commonwealth v. Chmiel, 30 A.3d 1111, 1136 (Pa. 2011) (quotations and citation omitted). "We will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." Id. (quotations and citation omitted). Given the nature of Mrs. Millard's testimony and evidence of a strained relationship between Mrs. Millard and Victim, see, e.g., N.T., 6/11/12, 183-84, Trial Counsel's concerns regarding Mrs. Millard's credibility constituted a reasonable basis for not

calling her as a witness at trial. Appellant also offers no explanation as to how this testimony would have offered substantially greater potential for success at trial. See Chmiel, 30 A.3d at 1136. Accordingly, we conclude that the PCRA court did not abuse its discretion in denying Appellant's ineffective assistance of counsel claims relating to Mrs. Millard.

Finally, for his third issue, Appellant argues that the PCRA court erred in denying his claim that Trial Counsel was ineffective for failing to object to the Assistant District Attorney's alleged prosecutorial misconduct during opening and closing arguments. Specifically, Appellant takes issue with the statements made by the prosecutor referring to Victim as "a little girl" or "child" that Appellant had "deprived of her childhood and dignity." Appellant's Brief at 17. Appellant contends that these statements were unfairly prejudicial because Victim was an adult at the time of trial and because they only served to inflame the passions of the jury.

Regarding claims of ineffective assistance of counsel for failing to object to alleged prosecutorial misconduct, our Supreme Court has stated:

> It is well-settled that a prosecutor is free to present his argument with logical force and vigor so long as there is a reasonable basis in the record for the prosecutor's remarks. Commonwealth v. Tedford, 960 A.2d 1, 32 (Pa. 2008). Further, reversible error arises from a prosecutor's comments only where the unavoidable effect is to prejudice the jurors, forming in their minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a fair verdict. Id. at 33. To succeed on a claim of ineffective assistance of counsel based on trial counsel's failure to object to prosecutorial misconduct, the defendant must demonstrate that the prosecutor's actions violated a constitutionally or statutorily protected right, such as

the United States Constitution's Fifth Amendment privilege against compulsory self-incrimination or the Sixth Amendment right to a fair trial, or a constitutional interest such as due process. Id. at 29.

Commonwealth v. Staton, 120 A.3d 277, 292 (Pa. 2015).

In rejecting this ineffective assistance of counsel claim, the PCRA court explained:

> Here, we find that [Trial Counsel]'s failure to object to the District Attorney's comments during closing statements is not sufficient to substantiate an ineffective counsel claim. Victim was in fact a child at the time [Appellant]'s crime against her began. Moreover, Victim testified during the trial, so the jury was able to see that she was not a little girl, therefore, we find that [the District Attorney]'s comments did not impermissibly prejudice the jury and there is no ineffective assistance.

PCRA Court Opinion, 12/19/18, at 10.

We agree. It is undisputed that Victim alleged several instances of sexual abuse by Appellant that occurred when she was a child. Consequently, the prosecutor's remarks were pertinent to the crimes for which Appellant was tried. Thus, there was a reasonable basis in the record for the prosecutor's remarks and they did not deprive Appellant of a fair trial. See Staton, 120 A.3d at 292. As Appellant was not prejudiced by Trial Counsel's failure to object to these statements, the trial court did not abuse its discretion in denying this ineffective assistance of counsel claim.

Order affirmed.

Judge Colins joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/4/2019